GREATER NEW YORK HEALTH CARE FACILITIES ASSOCIATION, INC., a New York Not-For-Profit Corporation, Individually and on behalf of its member residential health care facilities, Plaintiffs,

v.

LOCAL 144 HOTEL, HOSPITAL, NURSING HOME AND ALLIED SERVICES UNION, S.E.I.U., AFL–CIO and Sidney A. Wolff, Defendants.

No. 80 Civ. 1962 (KTD).

United States District Court,
S. D. New York.

April 30, 1980.

Jeffrey R. Cohn, New York City, for plaintiffs.

Vladeck, Elias, Vladeck & Engelhard, P. C., New York City, for defendants Local 144 Hotel, Hospital, Nursing Home and Allied Services Union, S.E.I.U., AFL–CIO; Robert A. Cantore, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

This action was commenced by the Greater New York Health Care Facilities Association, Inc. ["the Association"] against Local 144, Hotel, Hospital, Nursing Home and Allied Services Union ["the Union"] and Sidney Wolff in New York State Supreme Court. The Association sought, and was granted, a temporary restraining order, which precluded Sidney A. Wolff from hearing any further arbitration disputes between the parties. After the temporary restraining order was issued, defendants removed the action to this Court.

A brief factual setting must be laid to fully understand the instant dispute between these quite litigious parties.

The Association and the Union are parties to a series of collective bargaining agreements, dated April 18, 1978, which were effective as of April 1, 1978. The agreement in issue contains the following arbitration provisions:

> All complaints, disputes, controversies or grievances arising between the parties hereto involving questions of interpretation or application of any clause of this agreement, or any acts, conduct or relations between any of the parties hereto and/or between the Union and any employer, directly or indirectly, which shall not have been adjusted by and between those involved shall be submitted to the Impartial Chairman hereinafter mentioned for arbitration and his decision

shall be final and binding upon the parties hereto.

. . . . .

The parties hereby designate Sidney A. Wolff, Esq., of 230 Park Ave., New York City, as the Impartial Chairman.

. . . . .

The term of the Impartial Chairman shall be for one (1) year from the effective date of this agreement, and shall renew itself for additional one year periods except that either party may terminate the term of the arbitrator at the end of any one year period by giving written notice to the arbitrator and the other party at least thirty (30) days prior to the end of any one year term.

As previously mentioned, the State Court action was commenced to enjoin Mr. Wolff from hearing any future disputes between the parties. In particular, the Association charges that it had effectively terminated the services of Wolff as the Impartial Chairman under the provisions of the bargaining agreement. The Union, however, charges that the attempted termination was defective and thus Mr. Wolff must continue as the arbitrator.

After removal of the instant action to this Court, the Union moved to vacate the State Court temporary restraining order on the ground that under the terms of the collective bargaining agreement, the question of whether Wolff has been effectively terminated is an arbitrable dispute. In addition, the Union reasons that since this dispute is arbitrable this Court must dismiss the complaint and order the parties to arbitration.

The Association objects to the vacation of the State Court temporary restraining order and has itself moved for an order preliminarily enjoining Local 144 from presenting to Mr. Wolff any future disputes between the parties.

The question before me is a novel one: should the question of the validity of the attempted termination of an arbitrator be presented to that arbitrator for resolution?

Plaintiffs urge that since Mr. Wolff has a pecuniary interest in the outcome of the instant dispute—his continued employment as arbitrator—it would be improper to submit the dispute to him. They reason that since other independent arbitrators are available, if I determine that the dispute is arbitrable, one of these independent arbitrators should preside.

Defendant counters that there can be no question that, under the arbitration provisions, the instant dispute is to be arbitrated. It also urges that since the bargaining agreement designates Mr. Wolff as the arbitrator, he and only he can hear the dispute.

I am acutely aware of the strong federal policy in favor of arbitration, *Nolde Brothers, Inc. v. Bakery Workers*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), and this Circuit's direction that district judges restrain themselves from deciding disputes which the parties agreed to arbitrate. *Conticommodity Services v. Philipp & Lion*, 613 F.2d 1222 (2d Cir. 1980).

Applying these principles to the case at bar, there can be no doubt that the dispute is one properly left to an arbitrator. *See Conticommodity, supra.*

Moreover, since Mr. Wolff is named in the bargaining agreement, there is no reason to disturb this appointment merely because of the nature of the dispute. The parties chose to use extremely broad language in describing which disputes were to be arbitrated. In addition, the parties provided in the bargaining agreement for the substitution of Mr. Wolff under certain circumstances. That section provides:

Should the Impartial Chairman resign, refuse to act or be incapable of acting, or should the office become vacant for any reason whatsoever, the Association and the Union shall immediately and within five (5) days after the occurrence of such vacancy designate another person to act as such Impartial Chairman. If they fail to agree upon the designation, it shall be submitted to the New York State Board of Mediation for its selection of a person to serve as Impartial Chairman, and the

parties hereto agree to accept its designation.

However, this provision is silent about the arbitrator deciding a dispute in which he may have a pecuniary interest.

It is apparent that the parties, in negotiating the bargaining agreement, were dealing at arms length. Since they addressed the possible substitution of the arbitrator but chose to be silent with respect to his possible pecuniary interest, I must give effect to the plain terms of the bargaining agreement. Thus, I have no choice but to conclude that the question of whether an arbitrator with a pecuniary interest should hear the arbitration is itself an arbitrable dispute to be submitted to Mr. Wolff.

The parties are directed to submit the following questions to Mr. Wolff for determination:

(1) Whether the dispute concerning the Wolff termination is to be submitted to him for arbitration, and if so, (2) whether the attempted termination of his services was valid.

With respect to defendants' request that I vacate the State Court temporary restraining order, since that order has, by its own terms, dissolved, I need not do so.

Accordingly, plaintiffs' request for injunctive relief is denied and defendants' motion for judgment on the pleadings is granted and the disputes enumerated above are respectfully referred to Mr. Wolff for determination. This Court shall retain jurisdiction over the instant action for the limited purpose of enforcing any subsequent arbitration award.

So ordered.